Filed 2/10/23 P. v. Marcus CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEMETRIOUS MONTRAIL MARCUS,<br><br>Defendant and Appellant. | C095769<br><br>(Super. Ct. No. 17FE010993) |

This is defendant Demetrious Montrail Marcus's second appeal. In our prior opinion, *People v. Marcus* (2020) 45 Cal.App.5th 201 (*Marcus*), we affirmed defendant's convictions but remanded for resentencing. On remand, the trial court resentenced defendant to 20 years in prison and, in doing so, it doubled the base sentence for defendant's convictions pursuant to the Three Strikes law. In this appeal, defendant argues that the trial court failed to properly construe the Three Strikes law as a "sentencing enhancement" under the recently enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81). Defendant also argues, and the

1

People concede, that the abstract of judgment must be corrected to accurately reflect the trial court's oral pronouncement of defendant's updated custody credits and fees. We affirm. However, we will direct the trial court to issue a corrected abstract of judgment to properly reflect the oral pronouncement of judgment.

## BACKGROUND FACTS AND PROCEDURE

A recitation of the underlying facts is not necessary to resolve this appeal. We accordingly briefly restate the factual summary from defendant's prior appeal: "Defendant . . . and an accomplice broke into an apartment occupied by an elderly couple and other family members. After robbing the victims at gunpoint, defendant and his partner left with various property and were chased by the son and grandson; the son was shot during the chase." (*Marcus, supra*, 45 Cal.App.5th at p. 206.)

Following trial, a jury found defendant guilty of two counts of first degree robbery (Pen. Code, § 211);[1] assault with a firearm (§ 245, subd. (a)(2); and being a felon in possession of a firearm. (§ 29800, subd. (a)(1).) (*Marcus, supra*, 45 Cal.App.5th at p. 207.) The jury also found true that defendant personally used a firearm for each count. (§§ 12022.53, subd. (b), 12022.5, subd. (a).) (*Marcus*, at p. 207.) In a bifurcated proceeding, the jury found that defendant had a prior strike (§§ 667, subds. (b)-(i), 1170.12), a prior serious felony conviction (§ 667, subd. (a)), and had served a prior prison term. (§ 667.5, former subd. (b).) (*Marcus*, at p. 207.)

At sentencing, the trial court denied defendant's *Romero*[2] motion and sentenced him to 29 years in prison, which included (in relevant part) a four-year term for the first robbery, doubled to eight years for the prior strike, and a consecutive term of one year four months for the second robbery, doubled to two years eight months for the prior

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

strike. On appeal, a divided panel of this court concluded that the trial court erred when it found it lacked discretion under the Three Strikes law to impose concurrent sentences on the two robbery counts—instead erroneously believing that consecutive sentences were required after Proposition 36 (approved in Nov. 2012)—and we consequently remanded for resentencing. (*Marcus, supra*, 45 Cal.App.5th at pp. 211-214.)

The trial court resentenced defendant on January 21, 2022. At the hearing, defendant sought a 15-year sentence. In doing so, he first asked the trial court to grant his *Romero* motion and dismiss his prior strike. Defendant further argued that "based on the new law, [section] 1385, that the Three-Strikes Law is not an alternative sentencing scheme, but also should be considered as an enhancement." He accordingly urged the trial court to apply section 1385, subdivision (c)(2)'s enhancement dismissal provisions to the sentence-doubling provisions of the Three Strikes law.

The trial court "disagreed" that the Three Strikes law qualified as an enhancement under amended section 1385, and instead found it was a "separate sentencing scheme" unaffected by section 1385. It also denied defendant's *Romero* motion. The trial court ultimately imposed an aggregate sentence of 20 years, comprised of the midterm of four years for the first robbery, doubled to eight years by the prior strike, plus a 10-year term for the firearm enhancement, and a concurrent midterm of four years on the second robbery, doubled to eight years by the prior strike, and a consecutive one-third the midterm, one year, for assault with a firearm, doubled to two years by the prior strike. It further dismissed the firearm enhancements for the other two counts, as well as the prior serious felony enhancement, and imposed and stayed the term for being a felon in possession of a firearm pursuant to section 654.

3

## DISCUSSION

### I

*Senate Bill 81*

Defendant first contends that the trial court abused its discretion by finding that section 1385, subdivision (c), as amended by Senate Bill 81, does not apply to sentence-doubling under the Three Strikes law. Specifically, he argues that doubling a base term under the Three Strikes law qualifies as an "enhancement" under amended section 1385, subdivision (c), and thus is subject to the dismissal provisions of the amended statute. The People counter that the Three Strikes law is an alternative sentencing scheme, and not an enhancement, and thus is not affected by Senate Bill 81. We agree with the People.

"Senate Bill [] 81 became effective on January 1, 2022," and amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; see Stats. 2021, ch. 721, § 1.) Section 1385, subdivision (c) now provides: "(1) Notwithstanding any other law, the court shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal of that *enhancement* is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the *enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety. . . . [¶] . . . [¶] (7) This subdivision shall apply to sentencings occurring after January 1, 2022." (Italics added.)

While Senate Bill 81 addresses "enhancements," the "Three Strikes law is a penalty provision, *not an enhancement*. It is *not an enhancement* because it does not add an additional term of imprisonment to the base term. Instead, it provides for an alternate

4

sentence . . . when it is proven that the defendant has suffered . . . prior serious felony convictions. (See, e.g., *People v. Superior Court* (*Romero*)[*, supra*,] 13 Cal.4th [at p.] 527 ['The Three Strikes law . . . articulates an alternative sentencing scheme for the current offense rather than an enhancement.'].)" (*People v. Williams* (2014) 227 Cal.App.4th 733, 744, italics added.)[3]

Thus, by its plain language, the Three Strikes law is not an enhancement and thus does not come within the provisions of section 1385, subdivision (c), as amended by Senate Bill 81.[4] Accordingly, remand for resentencing is not required on this basis.

II

*Errors in the Abstract of Judgment*

Defendant contends, and the People properly concede, that the abstract of judgment must be corrected to accurately reflect the trial court's oral pronouncement of defendant's custody credits and defendant's fees.

First, at resentencing, the trial court noted that at the time of his original sentencing, defendant had a total of 364 days of time credits, comprised of 316 days of custody credits plus 48 days of good conduct credits. It then credited defendant an additional 1,366 days, to reflect the passage of time since his original sentence, for an

---

[3] We presume the Legislature, when it passed Senate Bill 81, was aware of the distinction drawn by our Supreme Court (and followed by California's intermediate appellate courts) between an alternative sentencing scheme and an enhancement. (Cf. *People v. Blakeley* (2000) 23 Cal.4th 82, 89 ["the Legislature is presumed to have known of and to have acquiesced in the previous judicial construction" when amending a statute].)

[4] Because the language of Senate Bill 81 is clear and unambiguous, we follow that plain meaning. (See *People v. Canty* (2004) 32 Cal.4th 1266, 1276; *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1046 [if statutory language "is susceptible of only one meaning," courts presume the Legislature meant what it said, and the plain meaning of the statute controls].) Accordingly, we decline to consider defendant's analysis of the legislative history.

aggregate total of 1,730 days. And with the agreement of counsel, it left the calculation of defendant's remaining good conduct credits up to the Department of Corrections and Rehabilitation. However, the abstract of judgment only reflects 316 days of total credit.[5]

Further—again at resentencing—the trial court waived the court operations assessments and the conviction assessments that it had previously imposed with defendant's original sentence. However, the abstract of judgment still reflects that defendant owes $160 in court operations assessments (§ 1465.8) and $120 in conviction assessments. (Gov. Code, § 70373.)

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We agree the clerk inaccurately recorded the judgment pronounced by the trial court by (1) failing to include the additional custody credits; and (2) failing to strike the court operations assessments and conviction assessments. We will therefore direct the trial court to correct the abstract of judgment to accurately reflect the oral pronouncement of the court. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 188 [appellate courts have authority to correct clerical errors].)

### DISPOSITION

The judgment is affirmed. We direct the trial court to issue a corrected abstract of judgment to reflect defendant's 1,730 days of custody credits and to strike the $160 in court operations assessments (§ 1465.8) and $120 in conviction assessments (Gov. Code, § 70373), consistent with the trial court's oral pronouncement of judgment. The trial

---

[5] It appears the clerk also did not fill in the credit boxes to correctly correspond to their numbers, writing "316" in the "total" credits box, "48" in the "actual" credits box, and "364" in the "local conduct" credits box. As noted, at the time of defendant's original sentence, he had 316 days of actual credit, 48 days of conduct credit, and 364 days of total credit.

court shall forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

      KRAUSE      , J.

We concur:

      DUARTE      , Acting P. J.

      EARL      , J.